Debra Kramer, PLLC
Special Counsel for Chapter 7 Trustee
98 Cutter Mill Road – Suite 466 South
Great Neck, New York 11021
Telephone: (516) 482-6300
Debra Kramer, Esq. (DK5454)

**Hearing Date:  July 18, 2011 at 11:00 A.M.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

In re: Southern Star Mortgage Corp.,

                Debtor.

-------------------------------------------------X

Chapter 7
Case No. 1-07-47023-jbr

### NOTICE OF TRUSTEE'S OBJECTION TO PROOFS OF CLAIM
### NUMBERED 7, 36, 53, 62, 69, 110, 117, 130, 141 AND 142

**PLEASE TAKE NOTICE,** that on July 18, 2011 at 11:00 a.m. a hearing will be

held before the Honorable Joel B. Rosenthal, United States Bankruptcy Judge for the

Eastern District of New York, at the United States Bankruptcy Court, 271 Cadman Plaza

East, Courtroom 3577, Brooklyn, New York 11201 upon the objection (the "Objection") of

Debra Kramer, the Chapter 7 Trustee (the "Trustee") of the estate of the above-captioned

debtor, by her special counsel, Debra Kramer, PLLC, for entry of an order pursuant to Rule

3007 of the Federal Rules of Bankruptcy Procedure and sections 105 and 502 of title 11 of

the United States Code: (i) disallowing and expunging Proof of Claim Number 7 filed by

Dawn Goulbourne, Proof of Claim Number 53 filed by Steven Pugatch, Proof of Claim

Number 69 and Proof of Claim Number 142 filed by Adam Gibson, Proof of Claim

Number 110 filed by the State of New Jersey, Proof of Claim Number 130 filed by

Riverside County – Tax Collector, and Proof of Claim Number 141 filed by State of

Connecticut Department of Revenue Services; (ii)  reclassifying Proof of Claim Number

36 filed by Broadview Networks, Inc. as a general unsecured claim in the reduced amount

of $17,627.39; (iii) reclassifying Proof of Claim Number 62 filed by Lex Cap Funding

Corp. as a general unsecured claim in the amount of $13,254.00; and (iv) disallowing and expunging a portion of Proof of Claim Number 117 filed by the Connecticut Department of Revenue Services in the amount of $450.00; together with such other relief as the Court may deem just and proper

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Objection must be in writing and shall be filed electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Filing Case System can be found at http://www.nyeb.uscourts.gov, the official website for the Court), by registered users of the Court's case filing system, and by all other parties in interest, on a 3.5 inch disk, in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and be served upon Debra Kramer, Esq., Debra Kramer, PLLC, 98 Cutter Mill Road, Suite 466 South, Great Neck, New York 11021 and by sending a courtesy copy to Chambers so as to be received no later than seven (7) days prior to the hearing date of the Objection.

**PLEASE TAKE FURTHER NOTICE,** that the hearing on the Objection may be adjourned from time to time as set forth in open Court and without further notice by the Trustee.

Dated: Great Neck, New York
      June 15, 2011

                Debra Kramer, PLLC

                By: Debra Kramer, Esq.
                    Debra Kramer, Esq (DK5454)
                A Member of the Firm
                98 Cutter Mill Road, Suite 466 South
                Great Neck, New York 11021
                Telephone: (516) 482-6300

                Special Counsel for Debra Kramer, Chapter 7 Trustee
                for the Estate of Southern Star Mortgage Corp.

2

Debra Kramer, PLLC
Special Counsel for Chapter 7 Trustee
98 Cutter Mill Road – Suite 466 South
Great Neck, New York 11021
Telephone: (516) 482-6300
Debra Kramer, Esq. (DK5454)

**Hearing Date: July 18, 2011 at 11:00 a.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

In re: Southern Star Mortgage Corp.,

               Debtor.

-----------------------------------------------------X

Chapter 7
Case No. 1-07-47023-jbr

### TRUSTEE'S OBJECTION TO PROOFS OF CLAIM
### NUMBERED  7, 36, 53, 62, 69, 110, 117, 130, 141 AND 142

TO: HONORABLE JOEL B. ROSENTHAL
     UNITED STATES BANKRUPTCY JUDGE

       Debra Kramer (the "Trustee"), Chapter 7 Trustee of the estate of Southern Star

Mortgage Corp. (the "Debtor"), by her special counsel, Debra Kramer, PLLC, submits

her objection (the "Objection") to the proofs of claim set forth in Schedule A below,

seeking entry of an Order disallowing and expunging, reclassifying or reducing such

claims, and respectfully states as follows:

### Background

       1.     On December 21, 2007, the Debtor filed a voluntary petition for relief

pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in

the United States Bankruptcy Court for the Eastern District of New York (the

"Bankruptcy Court").

       2.     By Order dated July 10, 2008, the Bankruptcy Court converted the

Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code.  Debra

Kramer was appointed interim Chapter 7 Trustee by Notice of Appointment, dated July

14, 2008, and subsequently became permanent Chapter 7 Trustee of the Debtor's
bankruptcy estate.

3.     By Bankruptcy Court Order, dated September 16, 2008 (the "September
Order") the last day for all creditors with pre-petition claims and chapter 11
administrative claims to file a proof of claim with the Clerk of the Court for the United
States Bankruptcy Court for the Eastern District of New York was October 31, 2008.  A
copy of the September Order is annexed as Exhibit A.

## RELIEF REQUESTED

4.     The Trustee submits this Objection pursuant to Rule 3007 of the Federal
Rules of Bankruptcy Procedure and sections 105 and 502[1] of the Bankruptcy Code,
seeking entry of an Order disallowing and expunging, reclassifying or reducing such
claims as set forth in Schedule A below:

### Schedule A

| NAME OF CLAIMANT | PROOF OF CLAIM NUMBER | RELIEF SOUGHT |
|---|---|---|
| Dawn Goulbourne | 7 | Disallow and expunge claim |
| Broadview Networks, Inc. | 36 | Reclassify and reduce claim as a general unsecured claim in the amount of $17,627.39 |
| Steven Pugatch | 53 | Disallow and expunge claim |
| Lex Cap Funding Corp. | 62 | Reclassify claim as a general unsecured claim in the amount of $13,254.00 |
| Adam Gibson | 69 | Disallow and expunge claim |
| State of New Jersey | 110 | Disallow and expunge claim |

---

[1] Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a]
claim or interest, proof of which is filed under section 501 of this title, is deemed
allowed, unless a party interest ... objects."  See 11 U.S.C. § 502(a).

| Connecticut Department of Revenue Services | 117 | Disallow and expunge that portion of the claim based upon estimated tax liability, resulting in the reduction of the claim amount from $515.02 to $65.02. |
|---|---|---|
| Riverside County-Tax Collector | 130 | Disallow and expunge claim |
| State of Connecticut Department of Revenue Services | 141 | Disallow and expunge claim |
| Adam Gibson | 142 | Disallow and expunge claim |

In accordance with Local Bankruptcy Rule 3007-1, copies of Proof of Claim Number 7 filed by Dawn Goulbourne, Proof of Claim Number 36 filed by Broadview Networks, Inc., Proof of Claim Number 53 filed by Steven Pugatch, Proof of Claim Number 62 filed by Lex Cap Funding Corp., Proof of Claim Number 69 filed by Adam Gibson, Proof of Claim Number 110 filed by the State of New Jersey, Proof of Claim Number 117 filed by Connecticut Department of Revenue Services, Proof of Claim Number 130 filed by Riverside County – Tax Collector, Proof of Claim Number 141 filed by the State of Connecticut Department of Revenue Services, and Proof of Claim Number 142 filed by Adam Gibson (without exhibits) are annexed as Exhibit B. A proposed Order is annexed as Exhibit C.

## OBJECTIONS TO CLAIMS

5.    **Proof of Claim Number 7 Filed by Dawn Goulbourne:** Dawn Goulbourne filed Proof of Claim Number 7 as a general unsecured claim in the amount of $4,000.00 for rent for the months of November and December 2007. The Trustee seeks to disallow and expunge Proof of Claim Number 7 in its entirety because the Debtor failed to attach any supporting documentation to Proof of Claim Number 7 evidencing

3

the nature, basis or validity of her claim. Moreover, Ms. Goulbourne is listed on Schedule F filed by the Debtor as a creditor having a general unsecured claim for office rent in a zero amount. Accordingly, Proof of Claim Number 7 filed by Dawn Goulbourne should be disallowed and expunged.

6. **Proof of Claim Number 36 Filed by Broadview Networks, Inc.:** Broadview Networks, Inc. ("Broadview") filed Proof of Claim Number 36 in the amount of $20,467.11. Broadview reflected the sum of $20,467.11 on Proof of Claim Number 36 as both a general unsecured claim and a priority unsecured claim. The claim is for unpaid services performed. It appears from the invoices annexed to Proof of Claim Number 36 that Broadview provided DSL, Voice, telephone and related services. The documentation annexed to Proof of Claim Number 36 does not evidence Broadview's entitlement to treatment of Proof of Claim Number 36 as an unsecured priority claim. Moreover, the invoices annexed to Proof of Claim Number 36 total $17,627.39. Accordingly, the Trustee objects to Proof of Claim Number 36 filed by Broadview, seeking to reclassify it as a general unsecured claim in the amount of $17,627.39. Since the Debtor listed Broadview on Schedule F as having a disputed general unsecured claim in the amount of $13,716.01, the Trustee reserves all of her rights to seek additional relief with respect to Proof of Claim Number 36, including file applications or objections to expunge, reduce, reclassify or recharacterize it.

7. **Proof of Claim Number 53 Filed by Steven Pugatch:** Steven Pugatch filed Proof of Claim Number 53 as a priority unsecured claim for wages, salaries or commissions in the amount of $47,740.81. Although Mr. Pugatch annexed documentation to his proof of claim, the documentation provided is insufficient to determine how much of his claim, if any, is entitled to treatment as a priority unsecured

4

claim for wages, salaries or commissions pursuant to Bankruptcy Code section 504(a)(4).

Moreover, Mr. Pugatch is listed on the Debtor's Schedule E as having a disputed

unsecured priority claim for wages, salaries and commissions in a zero amount.

Accordingly, the Trustee seeks to expunge and disallow Proof of Claim Number 53 filed

by Mr. Pugatch.

        8.    **Proof of Claim Number 62 Filed by Lex Cap Funding Corp.:**  Lex Cap

Funding Corp. filed Proof of Claim Number 62 in the amount of $13,254.00, seeking

treatment as an unsecured priority claim for wages, salaries and commissions pursuant to

11 U.S.C. §507(a)(4) in the amount of $10,950.00.   Proof of Claim Number 62 refers to

an alleged commission agreement with the Debtor.  However, a copy of the alleged

commission agreement with the Debtor was not attached to Proof of Claim Number 62.

In addition, the Debtor listed Lex Cap Funding Corp. on Schedule F as having an

undisputed general unsecured claim in the amount of $13,254.00.  Accordingly, the

Trustee objects to Proof of Claim Number 62 seeking to reclassify it as an unsecured

general claim in the amount of $13,254.00.

        9.    **Proof of Claim Number 69 Filed by Adam Gibson:** Adam Gibson filed

Proof of Claim Number 69 as an unsecured priority claim in the amount of $17,700.00

for unpaid wages, salaries or commissions  pursuant to section 507(a)(4) of the

Bankruptcy Code for services performed.  Although Mr. Gibson annexed documentation

to his proof of claim, the documentation is insufficient to determine how much of his

claim, if any, may be entitled to treatment as a priority unsecured claim for wages,

salaries or commissions pursuant to Bankruptcy Code section 507(a)(4).  In addition, the

Debtor listed Mr. Gibson on Schedule E as having a disputed claim for wages, salaries

and commissions in a zero amount. Accordingly, the Trustee seeks to expunge and disallow Proof of Claim Number 69 filed by Mr. Gibson.

10.    **Proof of Claim Number 110 Filed by the State of New Jersey:** The State of New Jersey filed Proof of Claim Number 110 as an unsecured priority claim in the amount of $2,000.00. According to the documentation annexed to Proof of Claim Number 110, the alleged tax liability is estimated because the Debtor had not filed a tax return for the period January 2007 to December 2007. As a result, the Trustee objects to Proof of Claim Number 110 seeking to expunge and disallow the claim in its entirety.

11.    **Proof of Claim Number 117 Filed by Connecticut Department of Revenue Services:** The Connecticut Department of Revenue Services filed Proof of Claim Number 117 as an unsecured priority claim in the amount of $515.02. According to documentation annexed to Proof of Claim Number 117, a portion of the claim in the amount of $450.00 for the tax period December 2007 is based upon estimated tax liability. As a result, the Trustee objects to Proof of Claim Number 117 seeking to expunge and disallow that portion of Proof of Claim Number 117 in the amount of $450.00, resulting in the reduction of the amount of Proof of Claim Number 117 to $65.02.

12.    **Proof of Claim Number 130 Filed by Riverside County – Tax Collector:** Riverside County – Tax Collector filed Proof of Claim Number 130 as a secured claim in the amount of $11,024.17. Although Riverside County – Tax Collector annexed documentation to Proof of Claim Number 130, the documentation is insufficient to determine the nature of the asserted pre-petition tax liability and the date on which the tax liability arose. Moreover, Riverside County – Tax Collector asserts in Proof of Claim Number 130 that it has a secured claim by virtue of its liens attaching to real estate

6

purportedly owned by the Debtor. Proof of Claim Number 130 does not identify the location of any real property to which Riverside County – Tax Collector's alleged liens attached. Moreover, Debtor's Schedule A does not reflect any real property in which the Debtor has an ownership interest. Accordingly, the Trustee objects to Proof of Claim Number 130 filed by Riverside County – Tax Collector, seeking to disallow and expunge it.

13. **Proof of Claim Number 141 Filed by the State of Connecticut Department of Revenue Services**: The State of Connecticut Department of Revenue Services filed Proof of Claim Number 141 as an administrative expense claim in the amount of $500.00 for estimated taxes for various tax periods in the year 2008. The Trustee objects to Proof of Claim Number 141 filed by the State of Connecticut Department of Revenue Services seeking to disallow and expunge it because the claim is based upon estimated tax liability.

14. **Proof of Claim Number 142 Filed by Adam Gibson:** Adam Gibson filed Proof of Claim Number 142 as an unsecured priority claim in the amount of $17,900.00 for unpaid wages, salaries or commissions pursuant to Bankruptcy Code section 507(a)(4) for services performed and commissions. The Trustee objects to Proof of Claim Number 142 filed by Adam Gibson because (i) the sum of $17,700 reflected in Proof of Claim Number 142 appears to be duplicative of Proof of Claim Number 69 filed by Mr. Gibson, (ii) no documentation was annexed to Proof of Claim Number 142 evidencing the validity, basis and amount of the claim, and (iii) according to Schedule E filed by the Debtor, Mr. Gibson has a disputed claim for wages, salaries and commissions in a zero amount. Accordingly, the Trustee submits that Proof of Claim Number 142 filed by Adam Gibson be disallowed and expunged.

15.    The Trustee reserves all of her rights to seek additional relief with respect to the claims described above, including filing applications or objections to expunge, reduce, reclassify or recharacterize them.

## WAIVER OF MEMORANDUM OF LAW

16.    The Trustee requests that the requirement of filing and serving a memorandum of law pursuant to Local Bankruptcy Rule 9013-1(a) be waived as this Objection does not raise any unique or novel legal issues of law.

**WHEREFORE**, for the reasons set forth above, the Trustee respectfully requests that this Court grant the relief requested in the Objection, together with such other and further relief as this Court deems just and proper.

Dated: Great Neck, New York
      June 15, 2011

Respectfully submitted,

Debra Kramer, PLLC

By: /s/ Debra Kramer, Esq.
    Debra Kramer, Esq (DK5454)
A Member of the Firm
98 Cutter Mill Road, Suite 466 South
Great Neck, New York 11021
Telephone: (516) 482-6300

Special Counsel for Debra Kramer, Chapter 7
Trustee for the Estate of Southern Star Mortgage
Corp.

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT BROOKLYN
------------------------------------------------------------------x
In re:                                              Chapter 7
                                                    Case No: 07-47023-DEM
SOUTHERN STAR MORTGAGE CORP.,

            Debtors.
------------------------------------------------------------------x

### ORDER FIXING LAST DAY FOR THE FILING OF PRE-PETITION CLAIMS AND CHAPTER 11 ADMINISTRATIVE CLAIMS AND APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the amended application (the "Application") dated September 11, 2008, of Debra

Kramer, Chapter 7 Trustee (the "Trustee") of the estate of Southern Star Mortgage Corp., (the

"Debtor"), by her counsel, LaMonica Herbst & Maniscalco, LLP ("LH&M"), seeking, pursuant to

§ 105(a) of Title 11, United States Code (the "Bankruptcy Code"), and Rules 1019(6) and 3003(c)(3)

of the Federal Rules of Bankruptcy Procedure, the entry of an ex parte Order: (i) fixing a last day

for all creditors with claims against the Debtors which arose: (i) on or before December 21, 2007,

the date the Debtor filed its Chapter 11 petition with this Court (the "Pre-Petition Claims"); (ii)

between December 21, 2007 though July 10, 2008, the date the Debtor's case was converted to a

case under Chapter 7 of the Bankruptcy Code (the "Administrative Claims"); (iii) approving the

proposed form and manner of notice of the Bar Date ("Bar Date Notice") to be provided by the

Trustee to creditors and other interested parties, which is Exhibit "A" to the Application; and it

appearing that the manner of notice to be given of the entry of this Order as provided herein is

reasonably calculated to give good and sufficient notice of the Bar Date (defined below); and

sufficient cause appearing therefor, it is

**ORDERED,** that all creditors, individuals, partnerships, corporations, associations, governmental units and other entities that hold or assert Pre-Petition Claims or Administrative Claims against the Debtor's estate are required to file a proof of claim with the Clerk of the Court for the United States Bankruptcy Court for the Eastern District of New York, no later than **October 31, 2008** (the "Bar Date"); and, it is further

**ORDERED,** that the Bar Date shall not apply to:

(a)     A person or entity that has already filed a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Eastern District of New York.

(b)     A holder of a claim that has previously been allowed by order of the Court;

(c)     A holder of a claim that has been paid in full by the Debtor;

(d)     A holder of a claim for which a specific deadline has previously been fixed by this Court;

and, it is further

**ORDERED,** that any holder or purported holder of a Pre-Petition Claim or Administrative Claim that is required by this Order to file a Pre-Petition Claim or Administrative Claim by the Bar Date and who fails to file such claim by that date shall be forever barred from asserting such claim against the Debtor and its estate; and, it is further

**ORDERED,** that on or before September *19*, 2008, the Trustee shall give notice of the entry of this Order by mailing, by first class mail, the Bar Date Notice of the last day to file the Pre-Petition Claims and Administrative Claims to: (i) the Office of the United States Trustee; (ii) all of the Debtor's known creditors and equity holders; (iii) all those persons who have formally appeared and requested service in this proceeding pursuant to Rule 2002 of the Bankruptcy Rules or any other party required to be served pursuant to an order entered by this Court; (iv) counsel to the Debtor; (v) all government agencies required to receive notice of proceedings under the Bankruptcy Rules;

and (vi) the taxing authorities for New York City, New York State, the Internal Revenue Service and the states in which the Debtor was previously authorized to do business; and, it is further

**ORDERED,** that service of the Bar Date Notice, as set forth in this Order, shall be deemed good and sufficient notice of the Bar Date; and, it is further

**ORDERED,** that the Trustee is authorized and empowered to take such steps, perform such acts and expend such funds as may be necessary to implement and effectuate the terms of this Order.

Dated: September 16, 2008
      Brooklyn, New York

                  S/Dennis E. Milton
                  HONORABLE DENNIS E. MILTON
                  UNITED STATES BANKRUPTCY JUDGE

C:\Documents and Settings\ccirino\Local Settings\Temp\notesC281CF\07-47023o.wpd

**EXHIBIT B**

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT Eastern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Southern Star Mortgage Corp. | Case Number: 1-07-47023-dem |
|---|---|

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Goulbourne, Dawn | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>Goulbourne, Dawn<br>51 Buffalo Avenue<br>Brooklyn, NY 11233-3035 | Court Claim Number:<br>*(if known)*<br><br>2008 JAN -8  P 12: 36<br>RECEIVED/MR |
| Telephone number: 917 399-8553 | Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br>SAme<br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| 1. Amount of Claim as of Date Case Filed:  $ 4,000.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. | |
| If all or part of your claim is entitled to priority, complete item 5. | |
| ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | Specify the priority of the claim. |
| 2. Basis for Claim: RENT FOR  11/07 ℓ 12/2007<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 3. Last four digits of any number by which creditor identifies debtor: _____<br><br>3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4). |
| 4. Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe:<br><br>Value of Property: $_____ Annual Interest Rate ___ %<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____ Basis for perfection: _____<br><br>Amount of Secured Claim: $_____ Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | Amount entitled to priority:<br><br>$_____ |
| 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| Date: 1/2/08 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Dawn Goulbourne  ( DAWN Goulbourne) | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

021863

**FORM B10** (Official Form 10) (04/05)

| UNITED STATES BANKRUPTCY COURT ___Eastern___ | DISTRICT OF ___New York___ | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor<br>Southern Star Mortgage | Case Number<br>1-07-47023-dem | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**Broadview Networks** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | U...<br>EASTERN DIST. OF<br>NEW YORK.<br><br>2008 JAN 23  P 1: 01<br><br>RECEIVED/MR |
|---|---|---|
| Name and address where notices should be sent:<br><br>Broadview Networks<br>c/o Lisa LaCalle<br>45-18 Court Square<br>LIC, NY 11101<br><br>Telephone number: (718) 947-8602 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor:<br>718-797-0430 | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim, dated:_____ |
|---|---|

**1.  Basis for Claim**
- ☐ Goods sold
- ☑ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #:_____
  Unpaid compensation for services performed
  from _____ to _____
       (date)              (date)

**2.  Date debt was incurred:** 04/22/06

**3.  If court judgment, date obtained:**

**4.  Total Amount of Claim at Time Case Filed:**  $ ___20,467.11___ _____ _____ ___20,467.11___
                                                        (unsecured)   (secured)   (priority)   (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____

Value of Collateral:    $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

**6.  Unsecured Nonpriority Claim** $_____

☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7.  Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority  $20,467.11 _____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub.109-8

**8.  Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9.  Supporting Documents:**    *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

| THIS SPACE IS FOR COURT USE ONLY |
|---|

| Date<br>1/17/08 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Lisa LaCalle  Collection Specialist |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT Eastern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Southern Star Mortgage Corp. | Case Number:   1-07-47023-dem |
|---|---|
|  | U.S. B... |

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Pugatch, Steven | ☐ Check this box to indicate that this claim amends a previously filed claim. **1 : 20** |
|---|---|
| Name and address where notices should be sent:<br>Pugatch, Steven<br>7 Hickory Hill Road<br>Dix Hills, NY 11746-6309 | **Court Claim Number:**_____<br>*(If known)* |
| Telephone number: | Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br>Steven Pugatch<br>30 Highland BLVD<br>Dix Hills N.Y 11746<br>Telephone number: 631-940-1908 CELL-516-527-2068 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed:        $_____ | 5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** _____<br>(See instruction #2 on reverse side.) | ☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:** *1-07-47023 DEM*<br><br>3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>**Describe:**<br><br>**Value of Property:** $_____ **Annual Interest Rate** ___ %<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>**if any:** $_____ **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____ | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).<br><br>☐ Other  Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | **Amount entitled to priority:**<br><br>$ *41,770.81*<br>+ *5970.00*<br>TOTAL *47,740.81* |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| **Date:** 1-23-08 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | **FOR COURT USE ONLY** |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

310668

JAN-08-2008  14:59                                                         P.04/05

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT Eastern District of New York | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: Southern Star Mortgage Corp. | Case Number: 1-07-47023-dem |
|---|---|

**NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.**

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Lex Cap Funding Corp.**

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
**31 Old Brick Rd**
**Dix Hills   NY   11746**

Court Claim Number:_____
(If known)

Telephone number:  **917-743-0032**

Filed on:_____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:   $  **13,254.00**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim:  **Service performed / goods sold**
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor:  **9000**

   3a. Debtor may have scheduled account as:  _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:

   Value of Property: $_____  Annual Interest Rate____%

   Amount of arrearage and other charges as of time case filed included in secured claim,

   If any: $_____  Basis for perfection:  _____

   Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$  **10,750**

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| Date: **1/28/08** | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  **Dion Girimonti Pres.** | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT Eastern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Southern Star Mortgage Corp. | Case Number:   1-07-47023-dem |
|---|---|

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): <br> Gibson, Adam | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent: <br> Gibson, Adam <br> 1682 St. Johns Ave <br> Merrick, NY 11566-2528 <br> *Adam Gibson* <br> *Mr. Adam Gibson* <br> RECEIVED | Court Claim Number: _____ <br> *(If known)* <br><br> Filed on: _____ |
| Telephone number:  516 · 317 · 5990 | |

| Name and address where payment should be sent (if different from above): <br><br> Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br><br> ☐ Check this box if you are the debtor or trustee in this case. |
|---|---|

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**   $ 17,700 <br><br> If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. <br><br> If all or part of your claim is entitled to priority, complete item 5. <br><br> ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. <br><br> **2. Basis for Claim:**  Services Performed <br> (See instruction #2 on reverse side.) <br><br> **3. Last four digits of any number by which creditor identifies debtor:** _ 4933 _____ <br><br>     **3a. Debtor may have scheduled account as:** _____ <br>     (See instruction #3a on reverse side.) <br><br> **4. Secured Claim** (See instruction #4 on reverse side.) <br> Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. <br><br> Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other <br> Describe: <br><br> Value of Property: $_____  Annual Interest Rate __ % <br><br> Amount of arrearage and other charges as of time case filed included in secured claim, <br><br> if any: $_____  Basis for perfection: _____ <br><br> Amount of Secured Claim: $_____  Amount Unsecured: $_____ | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount. <br><br> Specify the priority of the claim. <br><br> ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). <br><br> ☒ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4). <br><br> ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5). <br><br> ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7). <br><br> ☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8). <br><br> ☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__). <br><br> *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. <br><br> **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*) <br><br> DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. <br><br> If the documents are not available, please explain: | **Amount entitled to priority:** <br><br> $ 17,700 |

| Date: 12/30/07 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.   *Adam Gibson* | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*





U.S. ...
EASTERN ....... ..
NEW YORK

2008 APR 21  P 12: 19

RECEIVED/MR

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NEW YORK
### PROOF OF CLAIM

In the matter of:
*Southern Star Mortgage Corp.*

Docket No: **07-47023**

*Chapter 11 Proceeding*

Debtor:

    This proof is made for the claimant named below by the undersigned individual who is duly authorized to make this claim on behalf of the claimant, which is:

**State of New Jersey**
**Department of Treasury**
**Division of Taxation**  .
**P.O. Box 245**
**Trenton, New Jersey 08695-245**

2.      The debtor was, *at the* time of the filing of the petition initiating this case, and still indebted (or liable) to this claimant by reason of failure to pay New Jersey State taxes due, as shown in the itemized schedule attached hereto.

3.      This claim, in the amount of **$2,000.00 Not** including penalties accrued under applicable law, and no part of the foregoing amount has been paid, and the entries amount is due and payable.

4.      This claim is not subject to any set-off or counterclaim, and no note has been received for said debt, and no security other than that provided by statue is held therefor.

5.      This is filed as a(n) *PRIORITY PROOF OF CLAIM*
6.
Date: 2-15-08 _____ Signed: _____

                        Michael Reading
           For the New Jersey Division of Taxation

*U.S. Bankruptcy Court*
*271 CADMAN PLAZA EAST, STE. 1595*
*BROOKLYN, NY 11201*

                                     *Lm*

*Enclosure:*

                                   *Schedule of Liabilities*

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT __Eastern__ DISTRICT OF __New York__ | Chapter 11 PROOF OF CLAIM |
|---|---|

| Name of Debtor: **Southern Star Mortgage Corp.** | Case Number: **07-47023 DEM** |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>**Connecticut Department of Revenue Services** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br><br>Department of Revenue Services<br>C&E Division, Bankruptcy Section<br>25 Sigourney Street<br>Hartford, CT 06106-5032<br>Telephone number:<br><br>(860) 297-5903 | Court Claim Number: _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed:    $            515.02 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

Specify the priority of the claim.

**2. Basis for Claim:** __Taxes- See attached__
(See instruction #2 on reverse side.)

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

**3. Last four digits of any number by which creditor identifies debtor:** __4182-000__

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property:$_____ Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☑ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

Amount entitled to priority:

$        515.02

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>06/26/2008 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Pamela Cal*<br>Pamela D. Calachan, Revenue Services Tax Supervisor | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (04/07)

**UNITED STATES BANKRUPTCY COURT** EASTERN **DISTRICT OF** NEW YORK | **PROOF OF CLAIM**

Name of Debtor:
**SOUTHERN STAR MORTGAGE CORP.**

Case Number:
**NY07-47023DEM CHAPTER 7**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**Riverside County Treasurer - Tax Collector**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
**Paul McDonnell Treasurer - Tax Collector**
**P.O. Box 12005**
**Riverside, CA 92502-2205**
Telephone number: **(951) 955-3945**

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor: **SEE LIST ATTACHED**

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:_____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☑ Taxes
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Other_____

☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #:___
Unpaid compensation for services performed
From ____ to ____
(date)   (date)

**2. Date debt was incurred:** 01/01/2004

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority $_____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**
☑ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☑ Real Estate   ☐ Other_____
☐ Motor Vehicle
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $_____ (unsecured) | 11024.17 (secured) | _____ (priority) | 11024.17 (total)
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date: 07/30/2008

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): ISMAEL O. VARGAS ACCOUNTING TECHNICIAN I

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



# STATE OF CONNECTICUT
## DEPARTMENT OF REVENUE SERVICES



EASTERN DISTRICT OF
NEW YORK OF

2008 SEP -2 P 2: 03 ,

RECEIVED/MR

August 28, 2008

Clerk of the Court
United States Bankruptcy Court        CEBKPT
Eastern District of New York
271 Cadman Plaza East Suite 1595
Brooklyn NY  11201-1800

Re:                         Southern Star Mortgage Corp.
Bankruptcy Case Number:     07-47023 DEM

Dear Clerk:

Enclosed is an administrative expense claim for the State of Connecticut, Department of Revenue
Services (DRS).  The total amount of the claim is $500.00.

DRS is filing this claim for unpaid Business Entity, Partnership/SI Corp, and Withholding taxes incurred
by the debtor after filing the petition for bankruptcy.

We ask that you acknowledge receipt of this claim by returning a stamped copy of the administrative
expense claim to DRS.  Enclosed is a self-addressed, stamped envelope.

We appreciate your cooperation and prompt attention to this matter.  If you have any questions, please
contact Revenue Agent **Ana Box** at **860-297-5903**.

Sincerely,

Pamela D. Calachan
Revenue Services Tax Supervisor
Department of Revenue Services
Collection & Enforcement Division
Fax: 860-297-5916

cc: Department of Labor

C & E 207 (Rev. 05/03)

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT Eastern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Southern Star Mortgage Corp. | Case Number: 1-07-47023-dem |
|---|---|

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Gibson, Adam | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>Gibson, Adam<br>1682 St. Johns Ave<br>Merrick, NY 11566-2528<br><br>Telephone number: | **Court Claim Number:**<br>*(If known)*<br><br>RECEIVED 2008 SEP -9<br>U.S. BKCY EASTERN<br><br>Filed on: |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor or trustee in this case. |

| 1. **Amount of Claim as of Date Case Filed:** $ 17,900 | 5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 2. **Basis for Claim:** Services preformed / Commissions<br>(See instruction #2 on reverse side.) | ☒ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4). |
| 3. **Last four digits of any number by which creditor identifies debtor:** _____<br><br>3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5). |
| 4. **Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>**Describe:**<br><br>**Value of Property:** $_____ **Annual Interest Rate** ___ %<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>**if any:** $_____ **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____ | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| 6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | **Amount entitled to priority:**<br><br>$ 17,900<br><br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Adam Gibson | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

013551

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

**Hearing Date: July 18, 2011**
**Hearing Time: 11:00 a.m..**

In re: Southern Star Mortgage Corp.,

Chapter 7
Case No. 1-07-47023-jbr

Debtor.

-----------------------------------------------------X

### ORDER GRANTING TRUSTEE'S OBJECTION TO PROOFS OF CLAIM
### NUMBERED 7, 36, 53, 62, 69, 110, 117, 130, 141 AND 142

Debra Kramer, the Chapter 7 Trustee of the estate of Southern Star Mortgage

Corp. (the "Debtor"), by her special counsel, Debra Kramer, PLLC, having filed an

Objection, dated June 15, 2011 (the "Objection"), seeking entry of an Order pursuant to

Rule 3007 of the Federal Rules of Bankruptcy Procedure and sections 105 and 502 of

title 11 of the United States Code: (i) disallowing and expunging Proof of Claim Number

7 filed by Dawn Goulbourne, Proof of Claim Number 53 filed by Steven Pugatch, Proof

of Claim Number 69 and Proof of Claim Number 142 filed by Adam Gibson, Proof of

Claim Number 110 filed by the State of New Jersey, Proof of Claim Number 130 filed by

Riverside County – Tax Collector, and Proof of Claim Number 141 filed by State of

Connecticut Department of Revenue Services; and (ii)  reclassifying Proof of Number 36

filed by Broadview Networks, Inc. as a general unsecured claim in the reduced amount of

$17,627.39; (iii) reclassifying Proof of Claim Number 62 filed by Lex Cap Funding Corp.

as a general unsecured claim in the amount of $13,254.00; and (iv) disallowing and

expunging a portion of Proof of Claim Number 117 filed by the Connecticut Department

of Revenue Services in the amount of $450.00; together with such other relief as the

Court may deem just and proper; and good and sufficient notice of the Trustee's

Objection having been given; and no opposition to the Trustee's Objection  having been

filed; and a hearing with respect to the Trustee's Objection (the "Hearing") having been

held on July 18, 2011; and upon the record of the Hearing; and good and sufficient cause

appearing; it is hereby

     **ORDERED**, that the Trustee's Objection be, and it hereby is, granted; and it is

further

     **ORDERED**, that each of the following proofs of claim be, and they hereby are,

disallowed and expunged:

| | | |
|---|---|---|
| Dawn Goulbourne | 7 | Disallow and expunge claim |
| Steven Pugatch | 53 | Disallow and expunge claim |
| Adam Gibson | 69 | Disallow and expunge claim |
| State of New Jersey | 110 | Disallow and expunge claim |
| Riverside County-Tax Collector | 130 | Disallow and expunge claim |
| State of Connecticut Department of Revenue Services | 141 | Disallow and expunge claim |
| Adam Gibson | 142 | Disallow and expunge claim |

; and it is further

     **ORDERED**, that Proof of Claim Number 36 filed by Broadview Networks, Inc.

Inc. be, and it hereby is, reclassified as a general unsecured claim in the reduced amount

of $17,627.39; and it is further

     **ORDERED**, that Proof of Claim Number 62 filed by Lex Cap Funding Corp. be,

and it hereby is, reclassified as a general unsecured claim in the amount of $13,254.00;

and it is further

**ORDERED**, that that portion of Proof of Claim Number 117 filed by Connecticut Department of Revenue Services in the amount of $450.00 based upon estimated tax liability is disallowed and expunged, reducing the amount of Proof of Claim Number 117 as an unsecured priority claim in the amount of $65.02; and it is further

**ORDERED**, that the relief granted herein is without prejudice to the rights of the Trustee to seek other and further relief with respect to the proofs of claim listed above and any surviving proofs of claim including, but not limited to, seeking to expunge, disallow, reclassify or recharacterize such claims; and it is further

**ORDERED**, that the Clerk of the Bankruptcy Court be, and he hereby is, authorized and directed to modify the claims register of the Debtor's Chapter 7 case in accordance with this Order.