| | |
|---|---|
| Debra Kramer, PLLC<br>Special Counsel for Chapter 7 Trustee<br>98 Cutter Mill Road – Suite 466 South<br>Great Neck, New York 11021<br>Telephone: (516) 482-6300<br>Debra Kramer, Esq. (DK5454) | Hearing Date: February 6, 2012 at 11:00 A.M. |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

In re: Southern Star Mortgage Corp.,                                  Chapter 7
                                                                                              Case No. 1-07-47023-jbr
                Debtor.
----------------------------------------------------X

## NOTICE OF TRUSTEE'S OBJECTION TO
## PROOF OF CLAIM NUMBER 194

**PLEASE TAKE NOTICE**, that on February 6, 2012 at 11:00 a.m. a hearing will be held before the Honorable Joel B. Rosenthal, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein US Courthouse, 271 Cadman Plaza East, Courtroom 3577, Brooklyn, New York 11201 upon the objection (the "Objection") of Debra Kramer, the Chapter 7 Trustee (the "Trustee") of the estate of the above-captioned debtor, by her special counsel, Debra Kramer, PLLC, for entry of an order pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, sections 105 and 502 of title 11 of the United States Code, and Local Bankruptcy Rule 3007-1 disallowing and expunging Proof of Claim Number 194 filed by Andrew Yeganeh; together with such other relief as the Court may deem just and proper

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Objection must be in writing and shall be filed electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Filing Case System can be found at http://www.nyeb.uscourts.gov, the official website for the Court),

by registered users of the Court's case filing system, and by all other parties in interest, on a 3.5 inch disk, in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and be served upon Debra Kramer, Esq., Debra Kramer, PLLC, 98 Cutter Mill Road, Suite 466 South, Great Neck, New York 11021 and by sending a courtesy copy to Chambers so as to be received no later than seven (7) days prior to the hearing date of the Objection.

**PLEASE TAKE FURTHER NOTICE,** that the hearing on the Objection may be adjourned from time to time as set forth in open Court and without further notice by the Trustee.

Dated: Great Neck, New York
January 7, 2012

        Debra Kramer, PLLC

        By: <u>Debra Kramer, Esq.</u>
            Debra Kramer, Esq (DK5454)
        A Member of the Firm
        98 Cutter Mill Road, Suite 466 South
        Great Neck, New York 11021
        Telephone: (516) 482-6300

        Special Counsel for Debra Kramer, Chapter 7 Trustee
        for the Estate of Southern Star Mortgage Corp.

Debra Kramer, PLLC  
Special Counsel for Chapter 7 Trustee  
98 Cutter Mill Road – Suite 466 South  
Great Neck, New York 11021  
Telephone: (516) 482-6300  
Debra Kramer, Esq. (DK5454)

Hearing Date: **February 6, 2012 at 11:00 a.m.**

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------X  

In re: Southern Star Mortgage Corp.,  

        Debtor.  
-----------------------------------------------------X  

Chapter 7  
Case No. 1-07-47023-jbr

## TRUSTEE'S OBJECTION TO PROOF OF CLAIM NUMBER 194

TO: HONORABLE JOEL B. ROSENTHAL  
    UNITED STATES BANKRUPTCY JUDGE

Debra Kramer (the "Trustee"), Chapter 7 Trustee of the estate of Southern Star Mortgage Corp. (the "Debtor"), by her special counsel, Debra Kramer, PLLC, submits her objection (the "Objection") to Proof of Claim Number 194 filed by Andrew Yeganeh ("Proof of Claim Number 194"), seeking entry of an Order disallowing and expunging Proof of Claim Number 194, and respectfully represents as follows:

### BACKGROUND

1. On December 21, 2007, the Debtor filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

2. By Order dated July 10, 2008, the Bankruptcy Court converted the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code. Debra Kramer was appointed interim Chapter 7 Trustee by Notice of Appointment, dated July

14, 2008, and subsequently became permanent Chapter 7 Trustee of the Debtor's bankruptcy estate.

3. By Bankruptcy Court Order, dated September 16, 2008 (the "September Order"), the last day for all creditors with pre-petition claims and chapter 11 administrative claims to file a proof of claim with the Clerk of the Court for the United States Bankruptcy Court for the Eastern District of New York was October 31, 2008. A copy of the September Order is annexed as Exhibit A.

### RELIEF REQUESTED

4. The Trustee submits this Objection pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, sections 105 and 502[1] of the Bankruptcy Code and Local Bankruptcy Rule 3007-1, seeking entry of an Order disallowing and expunging Proof of Claim Number 194 filed by Andrew Yeganeh on the grounds that it is duplicative of Proof of Claim Number 91 filed by Andrew Yeganeh and untimely filed.

5. Andrew Yeganeh filed Proof of Claim Number 194 in the amount of $11,982.98 for "employment compensation – commissions owed," of which he asserts that the sum of $10,950.00 is entitled to priority under section 507(a)(4) of the Bankruptcy Code. See Proof of Claim Number 194 annexed as Exhibit B. Mr. Yeganeh also filed Proof of Claim Number 91 ("Proof of Claim Number 91") in the amount of $11,982.98 for "employment compensation – commissions owed," of which he asserts that the sum of $10,950.00 is entitled to priority under section 507(a)(4) of the Bankruptcy Code. See Proof of Claim Number 91 annexed as Exhibit C. In addition, Proof of Claim Number 194 was filed on November 19, 2008, which is after the last day

---

[1] Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party interest … objects." See 11 U.S.C. § 502(a).

to file pre-petition claims in this case. See September Order. Accordingly, the Trustee seeks to expunge and disallow Proof of Claim Number 194 filed by Andrew Yeganeh because it is duplicative of Proof of Claim Number 91 and untimely filed. The surviving claim is Proof of Claim Number 91.

6. The Trustee reserves all of her rights to seek additional relief with respect to Proof of Claim Number 194 or Proof of Claim Number 91, including, but not limited to, filing applications or objections to expunge, reduce, reclassify or recharacterize them. A proposed Order is annexed as Exhibit D.

## WAIVER OF MEMORADNUM OF LAW

7. The Trustee requests that the requirement of filing and serving a memorandum of law pursuant to Local Bankruptcy Rule 9013-1(a) be waived as this Objection does not raise any unique or novel legal issues of law.

**WHEREFORE**, for the reasons set forth above, the Trustee respectfully requests that this Court grant the relief requested in the Objection, together with such other and further relief as this Court deems just and proper.

Dated: Great Neck, New York
January 7, 2012

Respectfully submitted,

Debra Kramer, PLLC

By: /s/ Debra Kramer, Esq.
    Debra Kramer, Esq (DK5454)
A Member of the Firm
98 Cutter Mill Road, Suite 466 South
Great Neck, New York 11021
Telephone: (516) 482-6300

Special Counsel for Debra Kramer, Chapter 7 Trustee for the Estate of Southern Star Mortgage Corp.

3

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT BROOKLYN
-----------------------------------------------------------------x
In re:                                                                                  Chapter 7
                                                                                           Case No: 07-47023-DEM
SOUTHERN STAR MORTGAGE CORP.,

                                    Debtors.
-----------------------------------------------------------------x

## ORDER FIXING LAST DAY FOR THE FILING OF PRE-PETITION CLAIMS AND CHAPTER 11 ADMINISTRATIVE CLAIMS AND APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the amended application (the "Application") dated September 11, 2008, of Debra Kramer, Chapter 7 Trustee (the "Trustee") of the estate of Southern Star Mortgage Corp., (the "Debtor"), by her counsel, LaMonica Herbst & Maniscalco, LLP ("LH&M"), seeking, pursuant to § 105(a) of Title 11, United States Code (the "Bankruptcy Code"), and Rules 1019(6) and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure, the entry of an ex parte Order: (i) fixing a last day for all creditors with claims against the Debtors which arose: (i) on or before December 21, 2007, the date the Debtor filed its Chapter 11 petition with this Court (the "Pre-Petition Claims"); (ii) between December 21, 2007 though July 10, 2008, the date the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code (the "Administrative Claims"); (iii) approving the proposed form and manner of notice of the Bar Date ("Bar Date Notice") to be provided by the Trustee to creditors and other interested parties, which is Exhibit "A" to the Application; and it appearing that the manner of notice to be given of the entry of this Order as provided herein is reasonably calculated to give good and sufficient notice of the Bar Date (defined below); and sufficient cause appearing therefor, it is

**ORDERED**, that all creditors, individuals, partnerships, corporations, associations, governmental units and other entities that hold or assert Pre-Petition Claims or Administrative Claims against the Debtor's estate are required to file a proof of claim with the Clerk of the Court for the United States Bankruptcy Court for the Eastern District of New York, no later than **October 31, 2008** (the "Bar Date"); and, it is further

**ORDERED**, that the Bar Date shall not apply to:

(a) A person or entity that has already filed a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Eastern District of New York.

(b) A holder of a claim that has previously been allowed by order of the Court;

(c) A holder of a claim that has been paid in full by the Debtor;

(d) A holder of a claim for which a specific deadline has previously been fixed by this Court;

and, it is further

**ORDERED**, that any holder or purported holder of a Pre-Petition Claim or Administrative Claim that is required by this Order to file a Pre-Petition Claim or Administrative Claim by the Bar Date and who fails to file such claim by that date shall be forever barred from asserting such claim against the Debtor and its estate; and, it is further

**ORDERED**, that on or before September *19*, 2008, the Trustee shall give notice of the entry of this Order by mailing, by first class mail, the Bar Date Notice of the last day to file the Pre-Petition Claims and Administrative Claims to: (i) the Office of the United States Trustee; (ii) all of the Debtor's known creditors and equity holders; (iii) all those persons who have formally appeared and requested service in this proceeding pursuant to Rule 2002 of the Bankruptcy Rules or any other party required to be served pursuant to an order entered by this Court; (iv) counsel to the Debtor; (v) all government agencies required to receive notice of proceedings under the Bankruptcy Rules;

and (vi) the taxing authorities for New York City, New York State, the Internal Revenue Service and the states in which the Debtor was previously authorized to do business; and, it is further

**ORDERED,** that service of the Bar Date Notice, as set forth in this Order, shall be deemed good and sufficient notice of the Bar Date; and, it is further

**ORDERED,** that the Trustee is authorized and empowered to take such steps, perform such acts and expend such funds as may be necessary to implement and effectuate the terms of this Order.

Dated: September 16, 2008
Brooklyn, New York

S/Dennis E. Milton
HONORABLE DENNIS E. MILTON
UNITED STATES BANKRUPTCY JUDGE

C:\Documents and Settings\ccirino\Local Settings\Temp\notesC281CF\07-47023o.wpd

**EXHIBIT B**

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT Eastern District of New York | PROOF OF CLAIM |
|---|---|

Name of Debtor: Southern Star Mortgage Corp.    Case Number: 1-07-47023-dem

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Yeganeh, Andrew

Name and address where notices should be sent:
Yeganeh, Andrew
221 West Granada Avenue
Lindenhurst, NY 11757-6199

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

RECEIVED/MR

Telephone number:

Filed on: _____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

1. **Amount of Claim as of Date Case Filed:** $ 11,982.98

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** employment compensation- commissions owed
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate: ___%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☒ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$ 10,950.00

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: 2-18-0_   Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

010732

**EXHIBIT C**

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT Eastern District of New York | PROOF OF CLAIM |
|---|---|

Name of Debtor: Southern Star Mortgage Corp.

Case Number: 1-07-47023-dem

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Yeganeh, Andrew

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
Yeganeh, Andrew
221 West Granada Avenue
Lindenhurst, NY 11757-6499

Court Claim Number: _____
(*If known*)

Filed on: _____

Telephone number:

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

1. Amount of Claim as of Date Case Filed:  $ 11,982.98

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim:  employment compensation- commissions owed
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☒ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$ 10,950.00

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: 2-18-08

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  /s/ Andrew Yeganeh

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

010732

**EXHIBIT D**

UNITED STATES BANKRUPTCY COURT　　　Hearing Date: February 6, 2012
EASTERN DISTRICT OF NEW YORK　　　　Hearing Time: 11:00 a.m.
------------------------------------------------------X

In re: Southern Star Mortgage Corp.,　　　　　　Chapter 7
　　　　　　　　　　　　　　　　　　　　　　Case No. 1-07-47023-jbr
　　　　　　　Debtor.
------------------------------------------------------X

## ORDER GRANTING TRUSTEE'S OBJECTION TO
## PROOF OF CLAIM NUMBER 194

Debra Kramer, the Chapter 7 Trustee of the estate of Southern Star Mortgage Corp. (the "Debtor"), by her special counsel, Debra Kramer, PLLC, having filed an Objection, dated January 7, 2012 (the "Objection"), seeking entry of an Order pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, sections 105 and 502 of title 11 of the United States Code, and Local Bankruptcy Rule 3007-1 disallowing and expunging Proof of Claim Number 194 filed by Andrew Yeganeh; together with such other relief as the Court may deem just and proper; and good and sufficient notice of the Trustee's Objection having been given; and no opposition to the Trustee's Objection having been filed; and a hearing with respect to the Trustee's Objection (the "Hearing") having been held on February 6, 2012; and upon the record of the Hearing; and good and sufficient cause appearing; it is hereby

**ORDERED**, that the Trustee's Objection is granted; and it is further

**ORDERED**, that Proof of Claim Number 194 filed by Andrew Yeganeh is disallowed and expunged; and it is further

**ORDERED**, that the relief granted herein is without prejudice to the rights of the Trustee to seek other and further relief with respect to any surviving proofs of claim

including, but not limited to, seeking to expunge, disallow, reclassify or recharacterize such claims; and it is further

      **ORDERED**, that the Clerk of the Bankruptcy Court be, and he hereby is, authorized and directed to modify the claims register of the Debtor's Chapter 7 case in accordance with this Order.